UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BARNABAS LOUIS,

                Petitioner,

       -against-                            **MEMORANDUM AND ORDER**

BRIAN FISCHER, Warden,                 04-CV-2887 (NGG) (KAM)
Sing Sing Correctional Facility,

                Respondent.
----------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge:

This habeas corpus petition, pursuant to 28 U.S.C. § 2254, arises out of Petitioner Barnabas Louis's ("Petitioner" or "Louis") conviction on December 18, 2000, in New York State Supreme Court, Kings County, for Manslaughter in the First Degree (N.Y. Penal Law § 125.20(1)). Louis was sentenced to a term of imprisonment of fifteen years. The judgment was affirmed by the Appellate Division, Second Department, People v. Louis, 759 N.Y.S.2d 693 (2d Dep't 2003), and leave to appeal was denied by the Court of Appeals, People v. Louis, 796 N.E.2d 486 (N.Y. 2003).

The petitioner now seeks habeas corpus review, arguing the following grounds for his petition:

> (1) prosecutorial misconduct in cross-examination and summation deprived petitioner of a fair trial and due process of law; (2) trial counsel was ineffective because he failed to cross-examine Marie Gay during trial regarding the alleged recovery of "a piece of pipe" and to seek dismissal of the indictment based on Gay's alleged perjury to the grand jury; (3) the indictment was defective due to the grand jury's reliance on perjured testimony and on police reports referring to a "piece of pipe" that was not produced at trial; and (4) the sentence of fifteen years imprisonment was unreasonable and excessive.

(Report & Recommendation at 19 (citing Petition for Writ of Habeas Corpus ("Habeas Pet.")

(Docket Entry #1)).)

This matter was referred to Magistrate Judge Kiyo A. Matsumoto for a Report & Recommendation ("R & R") on May 16, 2006. In the R & R, dated June 25, 2007, Magistrate Judge Matsumoto recommended that Louis's habeas corpus petition be denied and dismissed. Plaintiff has failed to file any objections to the R & R within the prescribed ten-day period.

After examining the record, I have determined that the R & R is not subject to attack for plain error or manifest injustice. See, e.g., Pizarro v. Bartlett, 776 F. Supp. 815 (S.D.N.Y. 1991). The court finds Magistrate Judge Matsumoto's opinion to be thoughtful and thorough; her recommendation that the petition be dismissed is well reasoned based on the facts of this case and is well founded in applicable law. Accordingly, this court adopts Magistrate Judge Matsumoto's R & R for the reasons stated therein.

For the reasons described above, the court hereby orders that Petitioner's Section 2254 habeas corpus petition is DENIED and DISMISSED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
November 16, 2007

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge